JUDGE PAULEY

13 CV 2386

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
SHARON ISAACS individually and on
behalf of a class,

                Plaintiffs,            **COMPLAINT – CLASS ACTION**

   v.

MALEN & ASSOCIATES, P.C.

                Defendant.
------------------------------------------------------X



RECEIVED
APR 09 2013
U.S.D.C. S.D. N.Y.
CASHIERS

## INTRODUCTION

1.      Plaintiff brings this action to secure redress from unlawful credit and
collection practices engaged in by defendant MALEN & ASSOCIATES, P.C. ("MALEN").
Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.
("FDCPA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection
methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or
misleading statements in connection with the collection of a debt. 15 U.S.C. §§1692d, 1692e and
1692f.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA).

4.      Venue and personal jurisdiction in this District are proper because:

      a.      Defendant's collection communication was received by plaintiff
within this District;

      b.      Defendant does business within this District.

5.     Plaintiff, Sharon Isaacs, is an individual who resides in New York County, New York.

6.     Plaintiff is a "consumer" as defined by the FDCPA.

7.     Defendant, Malen & Associates, PC is a debt collection law firm with an address of 123 Frost Street, suite 203 in Westbury, New York 11590-5026.

8.     Defendant is a "debt collector" as defined in the FDCPA.

9.     According to the New York State Court Website, in the Civil Court of the City of New York which hears cases up to $25,000.00 in alleged damages, in New York County alone, Malen & Associates, PC was the attorney of record for either an original creditor or a buyer of debt from an original creditor in over 500 lawsuits.

10.     On or about August 5th, 2011 Defendant as an attorney filed a lawsuit against plaintiff seeking to collect on a Capital One Bank (USA), NA account. The index # of that lawsuit is 38804/11 in the Civil Court of the City of New York in the County of New York.

11.     The Capital One Bank (USA), NA account was used for personal, family or household purposes. Specifically, it was used for personal purchases on a credit card. The account was not used for business purposes.

12.     The account upon which Defendant sought to collect is considered a "debt" as defined by the FDCPA.

13.     On or about August 12th, 2011, Plaintiff retained the undersigned, The Law Offices of Shimshon Wexler, PC who interposed an answer on behalf of the defendant.

14.     The answer was received by Malen & Associates, PC sometime after that, but in the month of August 2011.

15.    Malen & Associates, PC knew Plaintiff was represented by an attorney sometime in August 2011.

16.    Malen & Assoicates, PC should have known Plaintiff was represented by an attorney in August 2011.

17.    Malen & Associates, PC nevertheless chose to mail its summary judgment motion in the above case directly to the Plaintiff and not to Plaintiff's attorney.

18.    The summary judgment motion was sent out with the knowledge and consent of the defendant.

19.    Summary judgment motions substantially similar to the one sent out by the Defendant are regularly sent to collect delinquent debts.

20.    The summary judgment motion is a "communication" as defined by the FDCPA.

21.    Defendant was not allowed to communicate directly with Plaintiff because Plaintiff had an attorney.

## VIOLATIONS ALLEGED

22.    Defendant's conduct violates 15 U.S.C. §§1692 and 1692b and 1692c.

23.    Section 1692b provides:

### § 1692b.   Acquisition of location information

Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall—
(1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;
(2) not state that such consumer owes any debt;
(3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;
(4) not communicate by post card;

(5) not use any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt; and

(6) after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector.

   24. Section 1692c provides:

### § 1692c.  Communication in collection with debt collection

### (a) Communication with the consumer generally

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—

(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location;

(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; or

(3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

### (b) Communication with third parties

Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

### (c) Ceasing communication

If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—

(1) to advise the consumer that the debt collector's further efforts are being terminated;

(2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

If such notice from the consumer is made by mail, notification shall be complete upon receipt.

### (d) "Consumer" defined

For the purpose of this section, the term "consumer" includes the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator.

25.     Plaintiff's FDCPA rights have been violated.

26.     Plaintiff is entitled to statutory damages pursuant to the FDCPA Section k.

### CLASS ALLEGATIONS

27.     Plaintiff brings this action on behalf of a class, pursuant to Federal Rules of Civil Procedure Rule 23(a) and 23(b) (3).

28.     The class consists of (a) all consumers (b) who have interposed an answer through an attorney (c) to a complaint signed by an attorney at Malen & Associates, PC (d) and have been sent a summary judgment motion signed by an attorney at the Malen & Associates, PC law firm on or after a date one year prior to the commencement of this action (e) and which was not returned as undeliverable by the Postal Service.

29.     The class is so numerous that joinder of all members is not practicable. On information and belief, there are at least 40 members of the class.

30.     There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members.  The predominant common question is whether the mailing of summary judgment motions to consumers when they are represented by an attorney violates the FDCPA.

31.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

32.     Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

33.     A class action is superior for the fair and efficient adjudication of this matter, in that:

a.    Individual actions are not economically feasible.

b.    Members of the class are likely to be unaware of their rights;

c.    Congress intended class actions to be the principal enforcement

mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and

the class and against defendant for:

(1)    Statutory damages;

(2)    Attorney's fees, litigation expenses and costs of suit;

(3)    Such other and further relief as the Court deems proper.

Dated: New York, New York
       April 4th, 2013

The Law Offices of Shimshon Wexler, PC

By:_____
    Shimshon Wexler (SW0770)
    PO Box 250870
    New York, New York 10025
    Tel: (212)760-2400
    Fax: (917)512-6132
    swexleresq@gmail.com
    *Attorney for Plaintiff*

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

_____
              Shimshon Wexler