Adam Hughes, Esq. (AH6072)
Malen & Associates, P.C.
123 Frost Street, Suite 203
Westbury, NY 11590
ahughes@malen.com
Tel: (516) 479-5953

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
SHARON ISAACS, individually and on behalf of a class

Plaintiff,

-against-

MALEN & ASSOCIATES, P.C.

Defendant.
-------------------------------------------------------X

Civil Action No.:  13-CV-2386 (WHP)

**ANSWER**

Defendant Malen & Associates, P.C. ("Defendant"), by its undersigned attorneys, Malen & Associates, P.C., as and for its Answer to Plaintiff Sharon Isaacs' ("Plaintiff") complaint in this action (the "Complaint"), alleges as follows:

1. Defendant denies the allegations contained within paragraph 1 of the Complaint.

2. Defendant neither admits nor denies the allegations contained in paragraph 2 of the Complaint and refers all questions of law to the Court.

3. Defendant does not dispute the Court's jurisdiction over claims under 15 U.S.C. §1692k but denies any factual averments supporting the claims and refers all questions of law to the Court.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and refers all questions of law to

the Court.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 5 of the Complaint.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 6 of the Complaint and refers all questions of law to the Court.

7. Defendant denies the allegations contained in paragraph 7 of the Complaint except admits that Defendant's address is 123 Frost Street, Suite 203, Westbury, NY but denies that Defendant's zip code is 11590-5026.

8. Defendant neither admits nor denies the allegations contained in paragraph 8 of the Complaint and refers all questions of law to the Court. .

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Defendant admits the allegations contained in paragraph 10 of the Complaint.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint refers all questions of law to the Court.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Defendant admits the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint and refers all questions of law to the Court.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint and refers all questions of law to the Court.

## RESPONDING TO PLAINTIFF'S ALLEGATIONS

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant neither admits nor denies the allegations contained in paragraph 23 of the Complaint and refers all questions of law to the Court.

24. Defendant neither admits nor denies the allegations contained in paragraph 24 of the Complaint and refers all questions of law to the Court.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 and subsections (a) – (c) of paragraph 33 of the Complaint.

## AFFIRMATIVE DEFENSES

### As and for the First Affirmative Defense

34. The Complaint fails to state a claim upon which relief may be granted, in whole or in part.

### As and for the Second Affirmative Defense

35. Plaintiff has not sustained any injury, damages, or other harm as a result of any act or omission of Defendant.

### As and for the Third Affirmative Defense

36. Defendant did not engage in any unlawful or otherwise wrongful conduct as alleged in the Complaint.

### As and for the Fourth Affirmative Defense

37. Defendant has at all times relevant to the circumstances alleged by the Plaintiff and the underlying facts of this action acted in good faith, in full compliance with all statutory obligations and applicable law.

### As and for the Fifth Affirmative Defense

38. To the extent a violation of any provision of the Fair Debt Collections and Practices Act occurred, which violation is expressly denied, such violation was not intentional and resulted from a bona fide error notwithstanding reasonable procedures adopted to avoid any such error.

### As and for the Sixth Affirmative Defense

39. Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

### As and for the Seventh Affirmative Defense

40. Plaintiff's Complaint fails to comply with FRCP 8(a)(2) as it fails to contain a short and plain statement of the claim showing that the Plaintiff is entitled to relief.

### As and for the Eighth Affirmative Defense

41. The claims fail, in whole or in part, because of Plaintiff's own acts or omissions.

### As and for the Ninth Affirmative Defense

42. Plaintiff has no damages and/or has failed to mitigate his damages.

### As and for the Tenth Affirmative Defense

43. Plaintiff's claims should be barred as this action is brought in Bad Faith, Frivolously and with Unclean Hands.

### As and for the Eleventh Affirmative Defense

44. Plaintiff is not an adequate representative of the putative class; the Complaint fails to adequately define the putative class; and/or the Complaint fails to meet the requirements for class certification.

### As and for the Twelfth Affirmative Defense

45. As Plaintiff's allegations fail to establish that the underlying debt is in fact a consumer debt, Plaintiff lacks standing under the Fair Debt Collections and Practices Act.

### As and for the Thirteenth Affirmative Defense

46.     Plaintiff's allegations fail to meet the materiality requirements under the Fair Debt Collections and Practices Act.

WHEREFORE, Defendant requests the Plaintiff's Complaint be dismissed in its entirety with such other further relief this Court deems to be just and proper.

Dated: May 15, 2013
       New York, New York

MALEN & ASSOCIATES, P.C.

By: _____
Adam Hughes, Esq. (AH6072)
123 Frost Street, Suite 203
Westbury, NY 11590
ahughes@malen.com
Tel: (516) 479-5953
*Attorneys for Defendant*