**MEMO ENDORSED**

# MALEN & ASSOCIATES, P.C.
ATTORNEYS AT LAW
FROST STREET · WESTBURY, NY · 11590
516/334-3500 · FAX 516/479-5999



July 3, 2013

Honorable William H. Pauley III
United Stated District Court – Southern District
500 Pearl Street
Room 2210 Courtroom 11D
New York, NY 10007-1312

Re: Sharon Isaacs, individually and on behalf of a class v. Malen & Associates, P.C.
Index No.: CV-13-2386

Dear Judge Pauley:

I represent the Defendant, Malen & Associates, p.c. ("Malen") in the above-referenced matter. I am writing to respectfully request a pre-motion conference in anticipation of bringing a Motion for Summary Judgment under Rule 56. Defendant contends that a Motion for Summary Judgment is proper at this point as there is no genuine dispute as to any material facts in this matter.

### Defendant's Contact with Plaintiff

Plaintiff's claim is based solely on Defendant's erroneous service of a Motion for Summary Judgment upon the Plaintiff and not Plaintiff's counsel in the underlying state court debt collection lawsuit. (Complaint ¶¶ 16-21). Plaintiff claims that this inadvertent service of the motion constitutes a violation of 15 U.S.C. §§1692, 1692b and 1692c (Complaint ¶ 22).

Defendant's Motion for Summary Judgment was filed with the Civil Court of New York County and mistakenly mailed to the Plaintiff instead of Plaintiff's counsel. This was simply a case of inadvertent contact with opposing counsel's client and not an actionable communication under the FDCPA. As Plaintiff was represented by counsel in the ongoing litigation, she was already adequately protected under the law.

### As Plaintiff was Represented by Counsel There is No Basis for an FDCPA Claim

The Second Circuit has expressed its view that "where an attorney is interposed as an intermediary between a debt collector and a consumer, we assume the attorney, rather than the FDCPA, will protect the consumer from a debt collector's fraudulent or harassing behavior." *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002). As the only improper communication alleged to have taken place by Plaintiff was Defendant's mailing of a motion during the course of litigation, where Plaintiff indisputably had counsel representing her, Plaintiff cannot seek redress under the FDCPA.

While Defendant's inadvertent contact with Plaintiff may give rise to a claim for an ethical violation under New York Rules of Professional Conduct, it does not rise to the level of an FDCPA violation. New York State attorneys are regulated by the New York Unified Court System, Rules of Professional Conduct. Under these rules, attorney contact with individuals represented by counsel is already prohibited. Under Rule 4.2(a), "in representing a client, a lawyer shall not communicate or

cause another to communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the prior consent of the other lawyer or is authorized to do so by law".

The Court will not allow a de facto violation of the FDCPA based on a procedural ruling of the state Rules of Professional Conduct. The situation is analogous to the Eastern District of New York's finding that New York law firms whose activities are supervised by an attorney currently registered with the New York State Unified Court System to practice law in New York State are not required to be licensed as a Debt Collection Agency by the Department of Consumer Affairs (DCA), *See Eric M. Berman P.C. v. City of New York*, No. 09-cv-3017 (E.D.N.Y. Sept. 29, 2012). In fact, several courts have held that technical failures to comply with statutes are not per se violations of the FDCPA. See *Nero v. Law Office of Sam Streeter, P.L.L.C.*, 655 F. Supp.2d 200, 208 (E.D.N.Y. 2009) (citing *Kuhne v. Cohen & Slamowitz, LLP*, et al., 2008 U.S. Dist. LEXIS 17197 (S.D.N.Y. Mar. 5, 2008); *Lindbergh v. Transworld Sys., Inc.*, 846 F. Supp. 175, 180-81 (D. Conn. 1994)).

No Allegation of a Material Violation

Moreover, Plaintiff's claim does not include any allegations of a material violation of the FDCPA. No material facts exist in the record that demonstrate Plaintiff was deceived or misled by Defendant's conduct. Complaints that allege "procedural defects in connection with state court litigation" without "allegations of false representations that could be construed as material so as to mislead plaintiff in his repayment of or challenge to the debt" are insufficient as a matter of law. *Klein v. Solomon and Solomon, P.C.*, 2011 U.S. Dist. LEXIS 127606, at *4-5 (D. Conn. 2011).

Absent an allegation and proof thereof that Plaintiff was influenced into relinquishing a known right in connection with the underlying debt, no violation of the FDCPA can be found. *Gabriele v. Am. Home Mortg. Servicing, Inc.*, 2012 U.S. App. LEXIS 24478 *8-*14 (2d Cir. Nov. 27, 2012). As Plaintiff has failed to allege facts establishing a material violation of the FDCPA, this matter is ripe for Summary Judgment. *Gabriele v. Am. Home Mortg. Servicing, Inc.*, 2012 U.S. App. LEXIS 24478 *8-*14 (2d Cir. Nov. 27, 2012).

Class Certification is Improper as there is no Viable Class

Defendant should be permitted to file a motion for Summary Judgment since certification of a class in this action is improper as no viable class exists. Defendant's inadvertent mailing by an attorney of a motion to a represented party represents a one time error and an anomaly. Where Plaintiff's allegations do not present any facts that suggest other consumers received such motions, class certification should be denied. See *Huntley v. Law Office of Richard Clark*, P.L.L.C., 262 F.R.D. 203 (EDNY 2009). In any event, such a mistake is subject to the bona fide error defense and does not lend itself to the possibility of a class being certified. See *Villari v. Performance Captial Mgmt.*, Inc. 1998 WL 414932 (SDNY July 22, 1998). No matter what discovery is taken it will be shown that this is clearly a case of bona fide error further rendering any class certification irrelevant.

The specific nature of Plaintiff's claim and alleged violation prevent this matter from being certified as a class action as Plaintiff has no basis to claim that Defendant's actions are indicative of routine business practice or that Plaintiff's claims are typical of class of possible Plaintiffs. Furthermore, Plaintiff has not adequately alleged that Defendant's actions have affected numerous other parties. Without such evidence of numerosity, a class cannot be certified. See *Wilner v. OSI Collection Servs.*, 198 F.R.D. 393 (SDNY 2001).

### The Case is Now Moot as Defendant has Offered to Make Plaintiff Whole

As Defendant has offered to make Plaintiff whole in making an Offer of Judgment pursuant to Rule 68, the case is now moot. At best, Plaintiff is entitled to up to $1,000.00 plus costs and reasonable attorney's fees. (15 U.S.C. 1692k). On May 10, 2013 Defendant relayed an Offer of Judgment to Plaintiff. Plaintiff did not accept. As Defendant's offer was for $1,001.00 plus costs and reasonable attorney's fees, Defendant has offered to make Plaintiff whole. The Court is without subject matter jurisdiction to proceed.

The Court's jurisdiction is restricted to actual cases or controversies, and issues that are moot are generally nonjusticiable. A settlement offer of complete relief, whether or not accepted by the Plaintiff, will moot a claim. *Zimmerman v. Bell*, 800 F.2d 386, 390 (4th Cir. 1986). Furthermore, Defendant's Offer of Judgment was communicated prior to Plaintiff's motion for class certification. An offer of judgment to the named plaintiff will moot a putative class action, as long as it is made before a motion for class certification is filed. See *Damasco v. Clearwire Corp.*, No. 10-3934, 2011 U.S. App. LEXIS 23093 (7th Cir. Nov. 18, 2011). Plaintiff's claim has effectively been rendered moot.

As discussed above, the facts in this case are highly individualized and do not lend themselves to class certification. As there is no viable class claim and Defendant's Offer of Judgment has rendered the case moot, Defendant should be permitted to file its Motion for Summary Judgment.

The Court has scheduled a discovery conference for July 19, 2013. Defendant respectfully requests that a pre-motion conference be held on that date instead in order to address these issues prior to Defendant filing its Motion for Summary. Furthermore, as the determination of these threshold FDCPA issues are crucial to Plaintiff's claims, it is respectfully requested that a stay be placed on all discovery until these issues can be decided.

In light of the above, it is respectfully requested that a pre-motion conference be scheduled to address Defendant's request.

Very truly yours,
Malen & Associates, p.c.

By: _____
Adam Hughes, Esq. (AH6072)
123 Frost Street, Suite 203
Westbury, NY 11590
ahughes@malen.com
Tel: (516) 479-5953

cc: William H. Horn, Esq.  
The Law Office of William H. Horn  
188-01B 71st Crescent  
Fresh Meadows, NY 11365  
bill@wfhlegal.com  

Shimshon Wexler, Esq.  
The Law Offices of Shimshon Wexler, P.C.  
P.O. Box 250870  
New York, NY 10025  
shimshonwexler@yahoo.com

*Application granted. The proposed motion will be discussed at the initial pre-trial conference on July 19, 2013 at 11:00am.*

SO ORDERED:

WILLIAM H. PAULEY III U.S.D.J.    7/15/13